### HARRY STUCKEY *v.* CALLIE BELL.

[Abstract Kentucky Law Reporter, Vol. 3—248, as Stucky v. Bell.]

**Liability of Wife's Separate Estate for Husband's Debts.**

Where parties contemplate charging the wife for money loaned to her husband, it will not be presumed that her separate property is charged with the debt, but that the credit was given upon her general estate. The wife's separate estate is not liable for the debts of her husband in the absence of her agreement to become liable and pay out of such estate.

#### APPEAL FROM LOUISVILLE CHANCERY COURT.

September 10, 1881.

OPINION BY JUDGE PRYOR:

The evidence in this case conduces to show that the appellant was not relying upon any separate estate of the wife for the debt in controversy, as he did not seem to know of what the separate estate consisted. He charges that she has separate estate, and that it is in the hands of a trustee, but does not know whether it is real, personal or mixed property. The appellee denies making any promise to pay the debt out of her estate in the hands of Peters, and we are inclined to think from the proof that such was not the intention of the parties. This estate consisted of a small income consisting of interest on certain bonds and notes, with the remainder to the children of Mrs. Bell, and the trustee has made advances already largely in excess of the interest due. Waiving the question of the right to charge her separate estate, it is evident that if the parties contemplated charging the wife for the money loaned her husband, it was upon the credit of her general estate, if she had any, as the appellant seems to have been in entire ignorance of what separate estate she had.

If for the board of the wife, the general estate, upon a proper state of case presented, might be made liable, but upon the proof in this case we must concur with the chancellor that the record shows an absence of intention to charge the estate in the hands of the trustee, even if such a judgment could be rendered.

Judgment *affirmed.*

*A. Carey, for appellant.*

*Samuel McKee, for appellee.*